**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| SHIVA STEIN, | : |
| | : |
| Plaintiff, | : Civil Action No. _____ |
| | : |
| v. | : |
| | : |
| | : **COMPLAINT FOR VIOLATIONS OF** |
| PRGX GLOBAL, INC., RONALD E. | : **SECTIONS 14(a) AND 20(a) OF THE** |
| STEWART, KEVIN F. COSTELLO, | : **SECURITIES EXCHANGE ACT OF** |
| MATTHEW A. DRAPKIN, WILLIAM F. | : **1934** |
| KIMBLE, MYLLE H. MANGUM, | : |
| GREGORY J. OWENS, AND JOSEPH E. | : **JURY TRIAL DEMANDED** |
| WHITTERS, PLUTO MERGER SUB INC., | : |
| PLUTO ACQUISITIONCO INC., and | : |
| ARDIAN NORTH AMERICA FUND II GP, | : |
| LLC, | : |
| | : |
| Defendants. | : |

---

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against PRGX Global, Inc. ("PRGX Global or the "Company") and the members PRGX Global board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of PRGX Global by Ardian North America Fund II GP, LLC ("Ardian") and its affiliates.

2. Defendants have violated the above-referenced Sections of the Exchange Act by causing a materially incomplete and misleading Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") to be filed on January 29, 2021 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Proxy Statement recommends that Company stockholders vote in favor of a proposed transaction whereby Pluto Merger Sub Inc. ("Merger Sub"), a wholly owned direct subsidiary of Pluto Acquisitionco Inc. ("Parent"), both affiliates of Ardian, will merge with and into PRGX Global with PRGX Global surviving the merger and becoming a wholly owned subsidiary of Parent (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into (the "Merger Agreement") each PRGX Global common share issued and outstanding will be converted into the right to receive $7.71 in cash (the "Merger Consideration").

3. As discussed below, Defendants have asked PRGX Global stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Proxy Statement, in violation of Sections 14(a) and 20(a) of the Exchange Act. Specifically, the Proxy Statement contains materially incomplete and misleading information concerning the Company's financial forecasts and financial analyses conducted by the financial advisors of the Company, Truist Securities, Inc. ("Truist") in support of its fairness opinion, and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote, that is currently scheduled for March 1, 2021, so that they can properly exercise their corporate suffrage rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to PRGX Global stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Ardian is headquartered in this District.

**PARTIES**

9. Plaintiff is, and has been at all relevant times, the owner of PRGX Global common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Ronald E. Stewart has served as a member of the Board since 2013 and is the Company's President and Chief Executive Officer.

11. Individual Defendant Kevin F. Costello has served as a member of the Board since 2017 and is the Executive Chairman.

12. Individual Defendant Matthew A. Drapkin has served as a member of the Board since 2016.

13. Individual Defendant William F. Kimble has served as a member of the Board since 2015.

14. Individual Defendant Myelle H. Mangum has served as a member of the Board since 2013.

15. Individual Defendant Gregory J. Owens has served as a member of the Board since 2015.

16. Individual Defendant Joseph E. Whitters has served as a member of the Board since 2013.

17. Defendant PRGX Global is incorporated in Georgia and maintains its principal offices at 600 Galleria Pkwy Suite 100, Atlanta, GA 30339. The Company's common stock trades on the NASDAQ Stock Exchange under the symbol "PRGX."

18. Defendant Merger Sub is a Georgia corporation and wholly owned direct subsidiary of Parent and was formed on December 22, 2020 solely for the purpose of engaging in the Proposed Transaction.

19. Defendant Parent is a Delaware corporation and was formed on December 21, 2020 solely for the purpose of engaging in the Proposed Transaction.

20. Defendant Ardian, a Delaware corporation, is an affiliate of both Merger Sub and Parent and is a global private investment house with headquarters located in New York City.

21. The defendants identified in paragraphs 10-16 are collectively referred to as the "Individual Defendants" or the "Board."

22.  The defendants identified in paragraphs 10-20 are collectively referred to as the "Defendants."

<strong>SUBSTANTIVE ALLEGATIONS</strong>

A.  <u>**The Proposed Transaction**</u>

23.  PRGX together with its subsidiaries, provides recovery audit services to businesses having payment transactions and procurement environments worldwide. The company operates through three segments: Recovery Audit Services, Recovery Audit Services Europe/Asia-Pacific, and Adjacent Services. Its recovery audit services are based on the mining of clients' purchasing-related data for overpayments made to the third-party suppliers. The Company also offers adjacent services, including data transformation, spend analytics, supplier information management, deduction management, and related advisory solutions, as well as source-to-pay analytics tools. It serves retailers, such as discount, department, specialty, and grocery stores, as well as wholesalers; and business enterprises comprising manufacturers, financial service firms, and pharmaceutical companies, as well as resource companies, which include oil and gas companies. The Company was formerly known as PRG-Schultz International, Inc. and changed its name to PRGX Global, Inc. in January 2010. PRGX Global was founded in 1970 and is based in Atlanta, Georgia.

24.  On December 24, 2020, PRGX Global announced that they had entered into a proposed transaction:

> ATLANTA and NEW YORK, Dec. 24, 2020 (GLOBE NEWSWIRE) -- PRGX Global, Inc. (Nasdaq: PRGX), a global leader in recovery audit and spend analytics services, and Ardian, a world-leading private investment house, today announced that they have entered into a definitive agreement for Ardian to acquire PRGX. The transaction is led by Ardian's North America Direct Buyouts team.
>
> Under the terms of the agreement, Ardian will pay PRGX shareholders $7.71 per share in cash for each share of PRGX's common stock they hold, which represents a 32.7% premium to the PRGX volume-weighted average price for the 90 trading days preceding the public announcement of the transaction with Ardian. The all-

cash transaction, subject to completion, is valued at approximately $195 million. The members of the PRGX Board of Directors are unanimously in favor of the transaction, which was approved at a special meeting of the Board. Upon closing, PRGX will operate as a privately held company.

As a private entity, PRGX expects to expedite the rollout of the PRGX Verigon™ Solution Suite, continue investing in improved audit and analytics processes, and increasingly focus on mid- to long-term business strategy – investments designed to accelerate delivery of PRGX's mission to reach wider, dig deeper and act faster to help clients get more value out of their source-to-pay data.

"The Ardian transaction delivers significant value for PRGX's shareholders and marks the beginning of the next chapter of our journey with our clients," said PRGX President and CEO, Ron Stewart. "We look forward to partnering with the Ardian team to accelerate the launch and delivery of our vision of source-to-pay as fully technology-enabled, accelerating speed to value for clients globally."

"PRGX is a global leader in its field, pioneering the recovery audit industry more than 50 years ago and consistently driving innovation over the past five decades," said Vince Fandozzi, Head of Ardian North America Direct Buyouts.

"We are truly impressed with PRGX Executive Management and the entire team of employees and look forward to partnering with the Company to grow its global presence and usher it into its next phase of growth," added Todd Welsch, Managing Director, Ardian North American Buyouts.

Greg Owens, Executive Chairman of the Board, said, "The Board of Directors explored numerous strategic alternatives and carefully considered the best way to position PRGX for long-term success. We are confident that the transaction with Ardian is the best path to strengthen and position PRGX in the marketplace and deliver the highest value to the Company's shareholders."

PRGX is the world's largest Accounts Payable and Merchandise Recovery Audit firm, serving clients in more than 30 countries in North and South America, Europe, Asia and Oceania. PRGX provides technology-enabled source-to-pay solutions to clients across industries including retail, grocery, consumer packaged goods, manufacturing, pharmaceuticals, and oil and gas, among others.

**Transaction Details**

Pursuant to the terms of the agreement, Ardian will acquire all of the outstanding shares of PRGX's common stock, in an all-cash transaction, for $7.71 per share. Closing of the transaction is conditioned upon, among other things, receipt of shareholder approval, clearance under the Hart-Scott-Rodino (HSR) Antitrust Improvements Act of 1976, as amended, and other customary closing conditions.

The closing of the transaction is not conditioned on financing. PRGX expects the transaction to close during the first quarter of 2021.

Each of PRGX's directors and executive officers and Northern Right Capital Management, L.P., a shareholder of PRGX, have agreed to vote their shares in favor of the definitive merger agreement and the merger, subject to certain terms and conditions. These shareholders collectively own approximately 14% of PRGX's outstanding shares as of the date of the merger agreement. The support agreements will terminate upon termination of the merger agreement in accordance with its terms in order for PRGX to accept a superior offer and upon certain other circumstances.

Truist Securities, Inc. is acting as financial advisor to PRGX, and Troutman Pepper Hamilton Sanders LLP is serving as legal advisor to PRGX. Sheppard, Mullin, Richter & Hampton LLP is serving as legal advisor to Ardian.

25. The Board has unanimously approved the Proposed Transaction. It is therefore imperative that PRGX Global's stockholders are provided with the material information that has been omitted from the Proxy Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests prior to the forthcoming stockholder vote.

**B.    The Materially Incomplete and Misleading Proxy Statement**

26. On January 29, PRGX Global filed the Proxy Statement with the SEC in connection with the Proposed Transaction. The Proxy Statement was furnished to the Company's stockholders and solicits the stockholders to vote in favor of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Proxy Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Proxy Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

*Omissions and/or Material Misrepresentations Concerning PRGX Global Financial Projections*

27. The Proxy Statement fails to provide material information concerning financial projections by PRGX Global management and relied upon by Truist in its analysis. The Proxy Statement discloses management-prepared financial projections for the Company which are materially misleading. The Proxy Statement indicates that in connection with the rendering of its fairness opinion, that the Company prepared certain non-public financial forecasts (the "Company Projections") and provided them to the Board and the financial advisors with forming a view about the stand-alone valuation of the Company. Accordingly, the Proxy Statement should have, but fails to provide, certain information in the projections that PRGX Global management provided to the Board and the financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

28. For the Company Projections, the Proxy Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics: Adjusted EBITDA, EBITDA, and Unlevered Free Cash Flow, but fails to provide line items used to calculate these metrics and/or a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G and consequently Section 14(a).

29. When a company discloses non-GAAP financial measures in a Proxy Statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable

method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

30. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated. Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[1]

31. Thus, to cure the Proxy Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Proxy Statement, Defendants must provide a reconciliation table of the non-GAAP measure to the most comparable GAAP measure to make the non-GAAP metrics included in the Proxy Statement not misleading.

*Omissions and/or Material Misrepresentations Concerning Truist's Financial Analysis*

32. With respect to Truist's *Discounted Cash Flow Analysis* for the Company, the Proxy Statement also fails to disclose: (i) the projected terminal values for the Company; (ii) the inputs and assumptions underlying the use of perpetuity growth rates of 0.0% to 2.0%; (iii) the inputs and assumptions underlying the range of discount rates ranging from 13.0% to 14.0%, (iv) estimate of the Company's weighted average cost of capital.

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm

33. With respect to Truist, the Proxy Statement fails to disclose whether Truist has permed any services for PRGX and/or Ardian in the past two years, and the nature of the services and the amount of compensation received for such services.

34. In sum, the omission of the above-referenced information renders statements in the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the special stockholder meeting to vote on the Proposed Transaction, Plaintiff will be unable to make a fully-informed decision regarding whether to vote in favor of the Proposed Transaction, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

**CLAIMS FOR RELIEF**

**COUNT I**

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9 and 17 C.F.R. § 244.100**

35. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

36. Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that proxy communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

37. Defendants have issued the Proxy Statement with the intention of soliciting stockholder support for the Proposed Transaction. Each of the Defendants reviewed and authorized the dissemination of the Proxy Statement and the use of their name in the Proxy Statement, which fails to provide critical information regarding, among other things, financial

analysis that were prepared by Truist and relied upon by the Board in recommending the Company's stockholders vote in favor of the Proposed Transaction.

38. In so doing, Defendants made untrue statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Proxy Statement, but nonetheless failed to obtain and disclose such information to stockholders although they could have done so without extraordinary effort.

39. Defendants were, at the very least, negligent in preparing and reviewing the Proxy Statement. The preparation of a Proxy Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. Defendants were negligent in choosing to omit material information from the Proxy Statement or failing to notice the material omissions in the Proxy Statement upon reviewing it, which they were required to do carefully. Indeed, Defendants were intricately involved in the process leading up to the signing of the Merger Agreement and the preparation and review of strategic alternatives and the Company's financial projections.

40. The misrepresentations and omissions in the Proxy Statement are material to Plaintiff, who will be deprived of her right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

41. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

42. The Individual Defendants acted as controlling persons of PRGX Global within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as directors of PRGX Global, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of PRGX Global, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of PRGX Global, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Proxy Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Proxy Statement.

45. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Proxy Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

46. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

48. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: February 5, 2021

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: /s *Gloria Kui Melwani*
Gloria Kui Melwani (GM5661)
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 686-0114
Email: melwani@whafh.com

*Attorneys for Plaintiff*